### Com. ex rel. Biskup v. Keely, Receiver of Taxes, et al.

*Taxation—Delinquent taxes—Sale of personal property on premises—Landlord and tenant—Mandamus.*

1. A landlord cannot compel the municipal authorities to levy on personal property of a tenant of real estate to pay delinquent taxes due on the land.

2. The authorities have the option either to file a lien on the realty, distrain upon the personal property or proceed by personal action.

Motion to quash writ of alternative mandamus. C. P. No. 5, Phila. Co., March T., 1926, No. 13956.

*J. R. Serfass*, for plaintiff.

MARTIN, P. J., July 28, 1926.—Upon presentation of a petition alleging that the city taxes were delinquent upon the property No. 728 West Berks Street, in the City of Philadelphia, of which property petitioner is the owner, and that the tax authorities have refused to distrain upon the personal property located upon the premises, an alternative mandamus was issued, commanding the Receiver of Taxes of the City of Philadelphia and his collector to show cause why they should not proceed to levy upon the personal property.

Respondent moved to quash the writ and suggested that petitioner had no right to require the Receiver of Taxes or his collector to distrain upon the personal property, as under the law they are vested with a discretion to use any or all of the three statutory remedies provided for the collection of taxes in the City of Philadelphia—either by filing a lien upon the realty, distraining upon personal property, or by personal action.

A selection of any of these remedies is optional with the authorities, and petitioner has no right to compel the collection of the taxes upon property which he holds, by requiring the tax officials to issue a distraint.

And now, to wit, July 28, 1926, the motion to supersede and quash the writ of alternative mandamus is granted, and it is ordered that the writ of alternative mandamus issued in the case of Com. ex rel. Louis Biskup v. Harry W. Keely, Receiver of Taxes for the City of Philadelphia, and Charles McIntyre, Collector of Delinquent Taxes of said City, be quashed.